**KENTUCKY BAR ASSOCIATION, CLE Commission, Complainant,**

v.

**Terrance M. KEESEE, Respondent.**

**No. 94–SC–1028–KB.**

Supreme Court of Kentucky.

Feb. 16, 1995.

## ORDER

■ The respondent attorney, Terrance Keesee, failed to earn the minimum Continuing Legal Education (CLE) credits, as required by SCR 3.661. · Respondent earned only five of the fifteen required CLE credits for the 1993–94 educational year.

Respondent received several notices and a statement of CLE noncompliance. He was advised not to ignore these notices, as well as to submit any outstanding completed CLE attendance certificates and was provided with a list of CLE sponsors to contact regarding available CLE courses. Additionally, three notices suggested that if respondent felt he qualified for an exemption, pursuant to SCR 3.666, or a time extension, pursuant to SCR 3.667, he should contact the CLE office. Respondent made no attempt to seek a time extension to complete his CLE requirements.

As of November 11, 1994, more than four months after the June 30, 1994 deadline for final submission of 1993–94 attendance certificates or for requesting time extensions under the rules, respondent had neither submitted more attendance certificates nor asked for a time extension. This Court entered a show cause order on November 18, 1994, concerning respondent's noncompliance.

■ Keesee filed a response dated December 16, 1994. In it he admitted that he received the CLE notices of noncompliance but claimed that he held a "good faith" belief that the CLE credits failed to reflect the correct total and he held enough credits for the 1993–94 year. However, there is no "good faith" defense for not obtaining the minimum required CLE credits, nor was there evidence to suggest that the respondent could actually hold a good faith belief. Keesee was deficient ten credit hours and never contacted the CLE office regarding the five notices he had received. Respondent also alleges that he planned but could not attend several CLE seminars because of his busy Friday schedule. It is commendable for an attorney to be busy; however, this should not be available as a valid excuse for failing to maintain the minimum level of professional competency.

Respondent did attend a CLE seminar on November 18, 1994. Contrary to respondent's assertions, however, these credits will not satisfy the CLE requirements for the 1993–94 educational year. These CLE credits were earned twenty weeks after the educational year ended. CLE credits cannot be applied retroactively, in the absence of a granted time extension.

Therefore, finding that the respondent has not shown sufficient cause for failing to meet his CLE requirements, pursuant to SCR 3.661, the respondent is hereby publicly reprimanded. He is also ordered to pay a $350 penalty for noncompliance, as well as the $10 fee assessed on the show cause order. These fees are to be paid within twenty days of the date of entry of this order. Failure to pay said fees within this time period shall result in suspension of respondent's license. Furthermore, a non-hardship time extension pursuant to SCR 3.667(2) shall not be available

to the respondent for the educational years ending June 30, 1994, or June 30, 1995.

STUMBO, J., not sitting.

Entered: February 16, 1995.

/s/ Robert F. Stephens
Chief Justice